# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARY D. MITCHELL,<br>    Plaintiff,<br><br>vs.<br><br>POSTMASTER GENERAL,<br>LOUIS DEJOY,<br>    Defendant. | Case No. 1:23-cv-195<br>McFarland, J.<br>Litkovitz, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Mary Mitchell, a postal service employee who is proceeding pro se, alleges that she was discriminated against because of her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*. This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 36). Plaintiff opposes defendant's motion (Doc. 36), and defendant filed a reply memorandum (Doc. 40).

**I.    Background**

Mitchell, a postal service employee, submitted a list of the following events as the facts in her complaint:

1. In November 2019, Tina Hill assigned her to the docks to train as an expeditor. After several hours, however, Mitchell was reassigned and a younger employee replaced her.

2. On May 15, 2020, Mark White sent Mitchell home early because she "was moving too slow[ly] and he no longer needed [her] services for the day." (Doc. 7 at PAGEID 33).

3. In June 2020, Tina Hill assigned Mitchell to "Tour III." (*Id.*).

4. Also in June 2020, Mark White gave Mitchell's badge to Pete Harkins to give to her.

5. On December 3, 2021, Mitchell asked about corrections to her conversion, but instead of answering her, Mark White provided "an official discussion in regards to [her] attendance." (*Id.*).

6. From July through September 2020, James White assigned her to the work area for injured workers because he "didn't think [she] should be on the DBC's because [she] might hurt" herself. (*Id.*).

7. In August 2020, James White gave her a "PDI for not following" his instructions. Although she followed the instructions of the employee assigned to train her, White said she "was hard of hearing" and "should appreciate the give [she] had received." (*Id.*).

8. Although he told Mitchell to call the postal service nurse to return to work because she had been exposed to covid, James White refused to answer or acknowledge faxes, messages, page, radio calls or emails from November 9 through November 20, 2020.

9. On January 21, 2021,[1] Jennifer Goddard terminated Mitchell's employment due to unsatisfactory attendance. (Doc. 36-2 at PAGEID 176-77). According to Mitchell, she had provided a physician release form as well as "documentation for both COVID and other health issues," but Goddard terminated her anyway. (Doc. 7 at PAGEID 33).

10. In February 2022, Jennifer Goddard and Raemeka Hollyfiled "planned [Mitchell's] reassignment to the Cincinnati P and DC." (*Id.*). According to Mitchell, she was awarded a general expeditor position with the postal service on April 9, 2022. (Doc. 36 at PAGEID 165). She remains employed in that position. (*Id.* at PAGEID 165, Doc. 36-1 at PAGEID 175).

11. On August 12, 19, and 26, 2022, Alvovode Sangnidjo and "Lead MDO Mustafa" "refused to provide [Mitchell] with a requested union steward in order to delay a timely

---

[1] In her complaint, plaintiff lists her separation date as January 21, 2022. (Doc. 7 at PAGEID 33). In her response to defendant's motion to dismiss, plaintiff indicates her employment was terminated on January 21, 2021. (Doc. 36 at PAGEID 167). In addition, the separation letter attached to her response is dated January 21, 2021. (Doc. 36-2 at PAGEID 176).

2

filing of an additional grievance and the advancement of a previous grievance filed against management." (Doc. 7 at PAGEID 34).

On August 27, 2022, Mitchell contacted a Postal Service Equal Employment Opportunity (EEO) counselor. (Doc. 25-2 at PAGEID 119). She filed a formal EEO complaint of age discrimination, Agency Case Number 1D-445-0041-22, on December 12, 2022. (*Id.* at PAGEID 118). Mitchell attached the same list of allegedly discriminatory incidents to her EEO complaint that she attached to her complaint in this case. (Compare Doc. 25-1 at PAGEID 115-16 with Doc. 7 at PAGEID 33-34). On January 5, 2023, the Agency issued a Final Agency Decision (FAD) dismissing Mitchell's EEO complaint. (Doc. 25-2 at PAGEID 123). Specifically, it dismissed the majority of Mitchell's allegations as untimely and the union steward allegation as an improper collateral attack on the negotiated grievance procedure. (Doc. 25-2 at PAGEID 121-23). Mitchell then initiated this action on April 4, 2023.

Defendant now moves to dismiss plaintiff's complaint for failing to timely exhaust administrative remedies and because her complaint fails to state a claim of age discrimination. (Doc. 25). Plaintiff counters that she was not aware of the applicable time limits for exhaustion; covid quarantine and other health problems prevented her from realizing she had been discriminated against due to age; and—because defendant has not yet communicated the decision not to promote her—the applicable forty-five-day period has not yet begun. (Doc. 36 at PAGEID 171). Plaintiff further contends that she has stated a claim on which relief can be granted. (*Id.* at PAGEID 172).

**II. Standard of review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint

3

for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

Generally, a court cannot consider "matters outside the pleadings" without treating it as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016) (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007)). Because EEO charges are administrative prerequisites to filing complaints alleging unlawful discrimination, courts typically consider the EEO charge and its resolution in evaluating motions to dismiss such complaints. *Amini v. Oberlin Coll.*, 259 F.3d 493, 503 (6th Cir. 2001) ("[T]here is no question that the EEOC charge, the filing of which was a precondition to [plaintiff] bringing this suit, is central to [the] discrimination claim."). *See also*

4

*Benzaoual v. OhioHealth Corp.*, No. 2:19-cv-2266, 2020 WL 7698123, at *5 (S.D. Ohio Dec. 28, 2020) and *Marshall v. Wayne Cty.*, No. 22-1499, 2023 WL 2707222, at *6 (6th Cir. Mar. 20, 2023). Where the authenticity of the EEO documents is not in question and plaintiff failed to attach them to the complaint, courts properly consider EEO files attached to defendant's motion to dismiss. *Benzaoual*, 2020 WL 7698123, at *5.

**III. Analysis**

    **A. Plaintiff Failed to Exhaust Administrative Remedies.**

Before filing a complaint under the ADEA, "a plaintiff must exhaust his administrative remedies." *Hurst v. Dep't of Veterans Affairs*, No. 18-3185, 2018 WL 4178851, at *1 (6th Cir. July 19, 2018) (citing *Spengler v. Worthington Cylinders*, 615 F.3d 481, 489 (6th Cir. 2010)). As the Sixth Circuit explained:

> To meet the exhaustion requirement, a former federal employee . . . "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Green*[ *v. Brennan*], 136 S. Ct. [1769,] at 1775 [(2016)] (quoting 29 C.F.R. § 1614.105(a)(1)). Failure to comply with this requirement is grounds for dismissal. *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). However, "a federal employee's obligation to consult with an EEO counselor within a set time period as a precondition to suit is subject to equitable tolling, waiver, and estoppel." *Id.*

*Hurst*, 2018 WL 4178851, at *1.

In this case, Mitchell attached to her complaint a list of allegations labeled "Re: EEO Case No. 1D-445-0041-22." (Doc. 7 at PAGEID 33). The list appears to be a photocopy of the allegations she attached to her EEO Complaint of Discrimination in the Postal Service, also labeled "Case Number 1D-445-0041-22." (Exh. A to Defendant's Motion to Dismiss, Doc. 25-1 at PAGEID 114-116). Defendant also attached a "Dismissal of Formal EEO Complaint" in

5

"Agency Case Number 1D-445-0041-22." (Doc. 25-2 at PAGEID 118-23). Plaintiff does not challenge the authenticity of the EEO documents defendant submitted, and she acknowledges that she submitted the "typed document" to the Postal Service as part of her EEO complaint. (Doc. 36 at PAGEID 165). Therefore, the Court will consider the EEO documents in evaluating defendant's motion to dismiss because they are central to plaintiff's claim. *See Amini*, 259 F.3d 503.

Mitchell—citing the EEO documents defendant submitted—acknowledges that she first contacted a postal service EEO counselor on August 27, 2022. (Doc. 36 at PAGEID 170). Therefore, she has not exhausted the required administrative remedies for incidents that occurred prior to July 13, 2022 (45 days before August 27, 2022). *See Hurst*, 2018 WL 4178851, at *1-2.

Plaintiff makes two arguments in an effort to save her claims: (1) "the forty-five-day limitations period has not started to run because the defendant has not communicated to the plaintiff its decision to not promote her" (Doc. 36 at PAGEID 171) (citing *Amini*, 259 F.3d at 458-501); and (2) equitable tolling applies because she was exposed to covid "several times between March 2019 thru December 2021 and was quarantined," which prevented her from realizing she had been discriminated against and contacting the EEO counselor. (*Id.*). Plaintiff's arguments are not well-taken.

### 1. Date on Which the Forty-Five Day Period Began to Run

First, neither plaintiff's EEO charge nor her complaint allege a claim for failure to promote. (*See* Docs. 7 and 25-1). The only allegation that could possibly involve a promotion states, "Tina Marie Hill, November 2019, assigned me to the docks in order to train as an expeditor, but several hours later, had me reassigned to the bundle sorter. She then assigned

6

Pathy Asobo, who was younger and had less relative standing than myself to the position." (Doc. 7 at PAGEID 33 and Doc. 25-1 at PAGEID 115). Assuming that an "expeditor" is a higher position than "bundle sorter," plaintiff's allegations indicate that she learned in November 2019 that she would not be training as an expeditor.

Second, courts consistently conclude that the clock begins to run when the employee knew or should have known of the employment decision rather than when she determines the injury had a discriminatory motive. *See*, *e.g.*, *Amini*, 259 F.3d at 498-99; *Singh v. Procter & Gamble Co.*, No. 23-3414, 2024 WL 2070683, at *2 (6th Cir. Jan. 24, 2024) (applicable time period begins to run on the day of the alleged unlawful employment practice); *Holmes v. Novo Nordisk, Inc.*, No. 2:21-cv-1194, 2022 WL 950015, at *2 (S.D. Ohio Mar. 30, 2022) (Discrimination claims accrue "at the time of the discriminatory act, 'not when the complainant discovers at some later point that the conduct infringes on a legal right.'") (quoting *Johnson v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 2015 WL 3971846, at *4 (M.D. Tenn. June 30, 2015)). Indeed, the case on which plaintiff relies explains:

> We recently addressed the issue of when the limitations period for an employment discrimination claim should begin to run in *EEOC v. United Parcel Service, Inc.*, 249 F.3d 557 (6th Cir. 2001). In *United Parcel Service*, we stated that "[t]he United States Supreme Court has held that the limitations period does not begin to run on a claim for employment discrimination until an employer makes and communicates a final decision to the employee. Once the employee is aware or reasonably should be aware of the employer's decision, the limitations period commences." *Id.* at 561-62 (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). Our discussion in *United Parcel Service* makes clear that the starting date for the [applicable] limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated. Indeed, this focus on the discriminatory act is consistent both with Supreme Court precedent and the statutory language of Title VII and the ADEA.

*Amini*, 259 F.3d at 498-99. Therefore, plaintiff's 45-day limitations period began to run when

7

she learned or reasonably should have learned that she was not selected for expeditor training, which, according to her complaint, occurred in "November 2019." (Doc. 7 at PAGEID 33).

### 2. Equitable Tolling

Plaintiff next contends that she was exposed to covid "several times between March 2019 thru December 2021 and was quarantined" which prevented her from realizing she had been discriminated against and contacting the EEO counselor. (Doc. 36 at PAGEID 171). This contention raises the question of whether equitable tolling should apply to stop the running of the forty-five-day period. *See Amini*, 259 F.3d at 500.

In determining whether the EEO filing period should be equitably tolled, courts consider five factors: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing [her] claim." *Id.* Equitable tolling should be applied "sparingly" and typically "only when a plaintiff shows that her 'failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [her] control.'" *Nitch v. Eastern Gateway Community Coll.*, 857 F. App'x 222, 222 (6th Cir. 2021) (quoting *Amini*, 259 F.3d at 500 and *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017), respectively). Courts usually apply equitable tolling only where an opposing party engaged in wrongdoing that caused the plaintiff to miss the filing deadline. *Id.* "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Robinette v. ProMedica Pathology Laboratories, LLC*, No. 21-3867, 2022 WL 4540192, at *2 (6th Cir. May 9, 2022) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

In this case, Mitchell contends that the time limit should be equitably tolled because she was exposed to covid and quarantined at various times between March 2019 and December 2021.  (Doc. 36 at PAGEID 171).  Even if the Court were to conclude that her covid exposure equitably tolled the forty-five-day EEO period through December 2021 (which it does not), plaintiff fails to explain why it should continue to be tolled during the many months between the end of her periodic covid quarantines (December 2021) and the date on which she first contacted her EEO counselor (August 27, 2022).  In addition, plaintiff fails to demonstrate that she diligently pursued her rights or that defendant in any way hindered her ability to pursue those rights.  Therefore, equitable tolling does not apply to save her claims for incidents that occurred prior to July 13, 2022.

### B.  Plaintiff's Union Steward Allegation Fails to State a Viable Claim.

Plaintiff's complaint contains one allegation that is not barred for failure to exhaust administrative remedies.  It states in its entirety, "Alvovode Sangnidjo and Lead MDO Mustafa, August 12, 19, 26 of 2022 refused to provide me with a requested union steward in order to delay a timely filing of an additional grievance and the advancement of a previous grievance filed against management."  (Doc. 7 at PAGEID 34).  This allegation fails to state a claim on which relief can be granted.

The ADEA makes it unlawful to "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  A prima facie case under the ADEA requires a plaintiff to show that "(1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either

9

replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448 (6th Cir. 2018) (quoting *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 462 (6th Cir. 2015)).

At the pleading stage, however, a plaintiff who asserts a federal employment discrimination claim is not required to plead facts establishing a prima facie case in order to state a claim for relief. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("[I]t was error for the district court to require Keys to plead a prima facie case under *McDonnell Douglas* [*v. Green*, 411 U.S. 792 (1973)] in order to survive a motion to dismiss."). *See also Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) ("[A]t the motion-to-dismiss stage, a plaintiff is not required to plead facts establishing a prima facie case. . . ."). "The prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002). A plaintiff "need allege only (a) the statutory basis for [the] claims, and (b) the factual predicate of those claims, such that the defendants are 'apprise[d] . . . of the [ ] claims and the grounds upon which they rest.'" *Dickinson v. Zanesville Metro. Hous. Auth.*, 975 F. Supp. 2d 863, 871 (S.D. Ohio 2013) (quoting *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007)) (alterations in original). At the same time, plaintiff's complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" *Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678, 679), that the postal service "discriminated against [plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] age." 29 U.S.C. § 623(a)(1). In this case, plaintiff's bare assertion that two individuals refused to provide her with a union steward when she requested one does not allege sufficient factual content from

which the Court could infer that the postal service discriminated against her because of her age. Plaintiff's allegation "patently lacks facts that connect the dots between" the refusal to timely provide a union steward and her age. *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 464 (6th Cir. 2015).

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to dismiss (Doc. 25) be **GRANTED**.

Date: 12/30/2024

Karen L. Litkovitz
United States Magistrate Judge

FUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY D. MITCHELL,
    Plaintiff,

vs.

POSTMASTER GENERAL,
LOUIS DEJOY,
    Defendant.

Case No. 1:23-cv-195
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).